Argued and submitted November 7, judgment of Tax Court affirmed
December 13, 2007, reconsideration denied April 16, 2008

David B. SHARPS,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

(TC 4684; SC S54579)

173 P3d 1223

David B. Sharps, appellant *pro se*, filed the brief for himself.

Rochelle A. Nedeau, Assistant Attorney General, Salem, argued the cause and filed the brief for defendant-respondent. With her on the brief were Hardy Myers,

Attorney General, Mary H. Williams, Solicitor General, and Joseph P. Laronge, Assistant Attorney General.

WALTERS, J.

## WALTERS, J.

Taxpayer in this real property tax case appeals from a judgment of the Regular Division of the Oregon Tax Court entered in 2007 for the tax year 2002-03. In that judgment, the Tax Court ordered that Benton County issue taxpayer a tax refund in a specified amount for real property taxes he overpaid, and that interest accrue on the refund amount at the rate of one percent per month from the date of the judgment until paid. On appeal, taxpayer contends that the Tax Court erred in determining the amount of the refund. For the reasons that follow, we affirm the judgment of the Tax Court.

Taxpayer asserts that Benton County (the county) owes him a larger refund, based on taxes he paid and refunds that the county issued in tax years 1999-2003. In tax year 1999-2000, the county assessed taxes on taxpayer's real property based on its determination of the real market value of the property. Taxpayer paid the assessment, but successfully challenged the property valuation in the Magistrate Division of the Tax Court. Because the magistrate's decision did not issue until after the county assessed taxes on the property for the following tax year, the amount that the county assessed in that following year also was incorrect, and taxpayer again appealed. In that and succeeding years, as each tax year's appeal became final, the county reduced the real market value and corrected the tax rolls, but in doing so it made a number of errors. As a result, the county issued taxpayer various credits and two refund checks for overpayments that he had made. Taxpayer does not contest that, taking into consideration those credits and refunds and the county's payment of the 2003 judgment, the county will have reimbursed him for all of the principal sums that he is due. Nevertheless, taxpayer claims that the county owes him an additional sum in interest. That assertion arises out of the fact that, when taxpayer received two refund checks that the county issued him, he refused one and did not cash the other. Taxpayer contends that, because the county issued those two refund checks prematurely, the checks were invalid, and, as a result, he was not required to accept or cash them. Taxpayer contends, therefore, that interest continued to accrue on the principal amounts of the checks after the county issued them.

Taxpayer first argues that Oregon law did not permit the county to pay refunds until all litigation concerning the real property was complete. That argument is incorrect. ORS 311.806(1)(a) requires the county to pay refunds whenever a Tax Court order constitutes a "final determination of the matter."[1] Each time taxpayer appealed the county's assessment to the Magistrate Division of the Tax Court for a particular year, he obtained a ruling that was a final decision of the Tax Court for that tax year. Each case that taxpayer brought in each tax year was complete when the magistrate's decision issued, because taxpayer did not further appeal the magistrate's decision. *See* TCR-MD 19 (magistrate's decision final if not appealed within 60 days). The fact that taxpayer then brought new cases in the Magistrate Division in subsequent years does not mean that the magistrate's decision for each preceding tax year was not a "final determination of the matter" as to that tax year.

In his reply brief, taxpayer appears to accept that conclusion, but he appears to argue, instead, that the county issued the refunds before the magistrate issued a decision in particular tax years. The record is difficult to decipher, but in the end we think it irrelevant whether each refund was tied to and followed a specific magistrate decision. As noted, ORS 311.806(1)(a) required the county to issue refunds following orders of the Tax Court. That does not mean, however, that the statute somehow prohibited the county from issuing those refunds earlier. ORS 311.806(1)(f) permits the county to issue refunds whenever, through excusable neglect or error, a taxpayer pays taxes in excess of the amount legally chargeable. Taxpayer's objection that the government paid

---

[1] ORS 311.806(1)(a) provides:

"Subject to subsection (2) of this section, the county governing body shall refund, out of the refund reserve account provided in ORS 311.807, or the unsegregated tax collections account provided in ORS 311.385, taxes on property collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body or pursuant to ORS 311.255, plus interest thereon as provided in ORS 311.812, in the following cases:

"(a) To the person described in ORS 309.100(1) and in whose name a petition was filed, whenever a change in the value of property is ordered by a county board of property tax appeals and no appeal is taken or can be taken from the board's order, or whenever ordered by the Oregon Tax Court or the Supreme Court and the order constitutes a final determination of the matter."

him money before it was ordered to do so, while novel, is not well taken. Taxpayer can point to no statute or legal principle prohibiting payment of a refund before issuance of a magistrate decision, and we can find none. Taxpayer was certainly within his rights to decide that he did not wish to accept or cash the refund checks that the county issued, but the county is not required to pay interest to taxpayer as a result of his choice.

The judgment of the Tax Court is affirmed.